■ Carmen Esteves et al., Plaintiffs, v We Transport, Inc., et al., Defendants. (Action No. 1.) Harry Milburn, Respondent, v Rosetta V. Karcher et al., Appellants, and Carmen M. Esteves et al., Respondents. (Action No. 2.) [728 NYS2d 707] —In related actions to recover damages for personal injuries, etc., the defendants in Action No. 2, Rosetta Karcher and We Transport, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 3, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in that action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The appellants contend that We Transport, Inc., and Towne Bus Corp. are a single, integrated enterprise and, as such, they are entitled to summary judgment pursuant to the exclusivity clause under Workers' Compensation Law § 11. Contrary to the appellants' contention, they failed to submit sufficient evidence to establish a prima facie case that the two corporations constitute a single, integrated enterprise (*see, Kramer v NAB Constr. Co.,* 282 AD2d 714; *Levine v Lee's Pontiac,* 203 AD2d 259; *Kaplan v Bayley Seton Hosp.,* 201 AD2d 461). Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.