■ JOHN DRISCOLL, Appellant, v TOWER ASSOCIATES et al., Respondents. [793 NYS2d 11]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 7, 2002, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, the claim under General Municipal Law § 205-a reinstated against defendant DeMaio, and otherwise affirmed, without costs.

Based on a Fire Department report stating that the fire originated near the stove in DeMaio's apartment, in a closet where oily rags were being stored, plaintiff fireman asserted a section 205-a claim against DeMaio predicated, inter alia, on practices in violation of former Fire Prevention and Building Code (9 NYCRR) § 1191.1 (a) (general precautions) and (e) (maintaining a hazard). The court erred when it held that because these sections are a general codification of common-law negligence, they may not serve as a predicate for a section 205-a claim (*see Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]). It is not necessary for plaintiff to show that the violation allegedly causing the fire exposed him to additional hazards immediately causing his injury (*see Clow v Fisher*, 228 AD2d 11 [1997]), or that there was some formal notice of a hazard (*see Lusenskas v Axelrod*, 183 AD2d 244, 248 [1992], *appeal dismissed* 81 NY2d 300 [1993]). DeMaio's statements that he did not know about the storage of oily rags are insufficient to warrant summary judgment in his favor.

As to the common-law claims, however, defendants did sustain their initial burden of proof by demonstrating that the code violations alleged by plaintiff—relating to the absence of an operable smoke alarm in DeMaio's apartment, and the 15-minute delay by the building staff in notifying the Fire Department while it investigated the source of the smoke reported by an unidentified tenant—even if proven, were neither a direct nor indirect cause of plaintiff's accident. Plaintiff testified at de-

position that he had been "whacked" by the fire hose he had connected to the standpipe as a result of somebody turning on the water or pulling the hose line. Alternatively, he was not sure what had caused the hose to hit him, but at no point did he link the cause of this accident to the smoke condition he allegedly encountered in the stairwell. In opposition to defendants' prima facie demonstration of entitlement to judgment as a matter of law, plaintiff failed to raise a triable issue of fact that there was a practical or reasonable connection between these alleged code violations and the claimed injuries (*cf. Giuffrida v Citibank Corp., supra*). Furthermore, plaintiff's failure to demonstrate that the alleged violations proximately caused the accident meant that defendants could not be liable for common-law negligence (*see* General Obligations Law § 11-106; *Signorile v Roy*, 308 AD2d 573 [2003], *lv denied* 1 NY3d 504 [2003]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.