■ CHRISTOPHER FOILES et al., Appellants, v V.L.J. CONSTRUCTION CORP., Respondent, et al., Defendants. [794 NYS2d 27]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered October 20, 2003, which granted defendant V.L.J. Construction Corp.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against said defendant.

Plaintiff Christopher Foiles, a New York City fireman, sustained injury in April 1998 while responding to a fire at a three-family house owned and maintained by defendant V.L.J. Construction Corp. (VLJ) and managed by defendant Property Seekers Realty. The fire erupted in the basement apartment rented by defendant Jose Salgado. VLJ had not obtained a certificate of occupancy for the basement apartment, as documented by a violation for "occupancy contrary to C of O," issued a mere six weeks earlier by the Department of Environmental Protection. One of VLJ's principals testified at his deposition that, when the two-family apartment building was constructed, the applicable zoning laws did not permit construction of basement apartments. He conceded that these laws remained in effect at the time of the April 1998 fire and that the basement apartment was not legalized until approximately 2001. To obtain a certificate of occupancy for the basement unit, VLJ was required to install a three-foot square window next to the apartment entrance door and to remove a partition, eliminating the vestibule.

A certified record of the fire maintained by the Bureau of Fire Prevention, consisting of a report, reveals that the fire originated in "vehicle parts" and that the substance ignited was "gasoline." The Fire Marshal's incident report states that the fire started "in the boiler room . . . adjacent to the water heater, in the vapors of a flammable liquid." The interview sheet accompanying the Marshal's report notes that the boiler room contained two gas-fired water heaters and that "[i]t may have been the pilot light that ignited the flammable liquid." A firefighter reported that a motorcycle was found in front of the apartment "with no gas tank on it," and that "the gas tank for the motorcycle was found in the boiler room." The investigator was told by Mr. Salgado's common-law wife that "her husband was working on the gas tank for the motorcycle at the front of the apt." when gasoline, which had been transferred to a red container placed just outside the apartment, spilled into the foyer, "and the husband was trying to clean up the liquid as it was running into the boiler room."

Firefighter Foiles sustained his injury after entering the apartment to search for victims. With extensive smoke, "zero visibility" and "fire everywhere," he crawled forward on his hands and knees until he encountered what he believed to be a flight of stairs. The object, however, was a piece of furniture, which collapsed as he tried to climb it. Foiles fell over, twisting his left knee. The injury rendered him permanently disabled.

Plaintiffs brought this action against VLJ, Salgado and the

managing agent. The complaint seeks recovery against VLJ pursuant to General Municipal Law § 205-a (the Firefighter's Law). It alleges that the injury sustained was the consequence of Salgado's illegal tenancy of the apartment, which failed to comply with the certificate of occupancy, in violation of Building Code (Administrative Code of City of NY) § 27-217.* The complaint also alleges that the basement apartment was in violation of Housing Maintenance Code (Administrative Code) § 27-2081, which provides, in material part: "No dwelling unit in a cellar or basement of a multiple dwelling shall be occupied unless: a. Such cellar or basement is properly lighted and ventilated to the satisfaction of the [Housing Preservation and Development] department."

As we noted in *McGee v Adams Paper & Twine Co.* (26 AD2d 186, 195 [1966], *affd* 20 NY2d 921 [1967]), General Municipal Law § 205-a "may be considered as having intended to impose liability in any case where there is any practical or reasonable connection between a violation and the injury or death of a fireman." In addition to providing an injured firefighter with a means of recovery, the statute was intended to encourage "property owners and occupiers to comply with safety and prevention codes" (*Mullen v Zoebe, Inc.*, 86 NY2d 135, 141 [1995]). As a remedial statute, the Firefighter's Law is subject to liberal construction (*see Kenavan v City of New York*, 70 NY2d 558, 566 [1987]), requiring only that a plaintiff "identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" in order to defeat a defendant's motion for summary judgment (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]).

Since VLJ never obtained a certificate of occupancy authorizing the residential use of the basement unit, it is unknown to what extent the premises failed to "conform to all of the applicable provisions of this code and all other applicable laws and regulations for the proposed new occupancy" (Building Code § 27-217 [a]). It is known that prior to obtaining the certificate

* Section § 27-217 (a) provides: "No change shall be made in the occupancy . . . of an existing building which is inconsistent with the last issued certificate of occupancy for such building, or which would bring it under some special provision of this code or other applicable law or regulation, unless a new certificate of occupancy is issued by the commissioner certifying that such building or part thereof conform to all of the applicable provisions of this code and all other applicable laws and regulations for the proposed new occupancy or use."

of occupancy for the basement apartment in 2001, VLJ was required to remove the vestibule and to add a large window to the side of the entrance door. An architect's report states that the purpose of these alterations was "to allow light and ventilation." Thus, there is record support for the proposition that the lack of satisfactory ventilation due to the presence of the vestibule partition and the absence of a window contributed to the poor visibility when Foiles entered the premises to search for victims.

Foiles has identified a code violation, described how he sustained injury and established a reasonable connection with the violation so as to permit a trier of fact to infer that VLJ's negligence indirectly caused the injury. Therefore, he has satisfied the burden to defeat VLJ's dismissal motion (*Zanghi*, 85 NY2d at 441). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.