THOMAS DOHERTY et al., Appellants, v JOSEPH SPARACIO, Respondent. [826 NYS2d 402]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), dated March 10, 2005, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action under General Municipal Law § 205-a and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Thomas Doherty (hereinafter the injured plaintiff), a New York City firefighter, sustained injuries when, while involved in a rescue operation in a building owned by the defendant, his finger got caught between two "halligans," i.e., tools used to force open doors. The halligan which struck the injured plaintiff's finger was being used by a fellow firefighter, as the plaintiff and this coworker attempted to pry open a door on the building's second floor. The plaintiffs argued that violations by the defendant of specified laws relating to safety and maintenance contributed, inter alia, to a heavy smoke/low visibility scenario, and this, in turn, caused the injured plaintiff's coworker to accidently strike the injured plaintiff's finger with the halligan.

The Supreme Court correctly determined that the first cause

of action to recover damages for common-law negligence is barred because the injury was sustained while the injured plaintiff was engaged in, and as a consequence of, his official firefighting duties (*see Delio v City of New York,* 8 AD3d 325, 325-326 [2004]; *Brady v City of New Rochelle,* 296 AD2d 365, 366 [2002]; *Carter v City of New York,* 272 AD2d 498, 499 [2000]).

With respect to the statutory cause of action, however, the Supreme Court erred. To recover damages pursuant to General Municipal Law § 205-a, a plaintiff is required to establish a violation by the defendant of a statute or ordinance which directly or indirectly has a reasonable connection to the firefighter's described injury (*see Giuffrida v Citibank Corp.,* 100 NY2d 72, 79 [2003]; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441 [1995]). Here, while the defendant satisfied his prima facie burden of demonstrating his entitlement to summary judgment, in opposition, the plaintiffs raised triable issues of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), inter alia, as to whether the defendant's alleged violations of provisions of the Administrative Code of the City of New York bore a practical or reasonable causal connection to the injured plaintiff's injuries (*see Giuffrida v Citibank Corp., supra* at 81; *Mullen v Zoebe, Inc.,* 86 NY2d 135, 140 [1995]; *Foiles v V.L.J. Constr. Corp.,* 17 AD3d 297 [2005]) Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.