JAMES STECHER et al., Respondents, v M & T BANK CORPORATION, Appellant, et al., Defendant. [844 NYS2d 106]—

In an action to recover damages for personal injuries, etc., the defendant M & T Bank Corporation appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated October 26, 2006, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant M & T Bank Corporation which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The injured plaintiff James Stecher (hereinafter the plaintiff) allegedly sustained personal injuries when he slipped and fell while traversing a grassy embankment located between an upper and lower parking lot on property owned by the defendant M & T Bank Corporation (hereinafter M & T). The plaintiff and his wife commenced the instant action against, among others, M & T. In the order appealed from, the Supreme Court denied that branch of M & T's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

In support of its cross motion, M & T made a prima facie showing of its entitlement to summary judgment by demonstrating that it met its duty as a property owner to "maintain . . . [its] property in a reasonably safe manner" (*see Basso v Miller*, 40 NY2d 233, 241 [1976], quoting *Smith v Arbaugh's Rest., Inc.*, 469 F2d 97, 100 [1972], *cert denied* 412 US 939 [1973]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that M & T breached its duty by failing to provide a safe means of access from the upper parking lot to the office building located on the subject property is without merit. Accordingly, the Supreme Court should have granted that branch of M & T's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not reach M & T's remaining contention. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.