■ PAUL M. DOWNEY et al., Appellants, v BEATRICE EPSTEIN FAMILY PARTNERSHIP, L.P., et al., Respondents. [853 NYS2d 108]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated August 4, 2006, which granted the separate motions of the defendants Beatrice Epstein Family Partnership, L.P., and Alexander Tregubov for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Paul M. Downey, a New York City firefighter (hereinafter Downey), allegedly was injured while conducting fire search operations in a second floor apartment of a building owned by the defendant Beatrice Epstein Partnership, L.P. (hereinafter the Epstein Partnership). It was later determined that the fire originated in a first floor apartment which had been converted into a dentist's office, and which had been leased by the Epstein Partnership to the defendant Alexander Tregubov. Downey and his wife (asserting derivative causes of action) commenced this action to recover damages for personal injuries pursuant to General Municipal Law § 205-a, and arising from common-law negligence. The plaintiffs alleged that the defendants had converted the first floor apartment into a dentist's office without obtaining the required approvals and permits, that such use was in violation of the building's certificate of occupancy, and that there were no working smoke detectors in the office, all in violation of various statutes and building code provisions. The Epstein Partnership and Tregubov each moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions. We affirm.

In general, in order to state a cause of action sounding in negligence with respect to the maintenance of real property, a plaintiff must demonstrate that a defendant's breach of the duty to maintain the premises in a reasonably safe condition was a proximate cause of his or her damages (see *Stecher v M & T Bank Corp.*, 44 AD3d 930 [2007]). In order for a firefighter to state a cause of action pursuant to General Municipal Law § 205-a, he or she "must '[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the firefighter was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter' " (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003], quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]; see *Doherty v Sparacio*, 35 AD3d 530 [2006]; *Zvinys v Richfield Inv. Co.*, 25 AD3d 358 [2006]; *Driscoll*

*v Tower Assoc.,* 16 AD3d 311 [2005]). To satisfy the "indirect" standard, a plaintiff need only establish a "reasonable or practical connection" between the statutory or regulatory violation and the claimed injury (*Giuffrida v Citibank Corp.,* 100 NY2d at 75; *see Doherty v Sparacio,* 35 AD3d 530 [2006]). Here, in support of their respective motions for summary judgment, the defendants each demonstrated, prima facie, that Downey's injuries were not proximately caused by their breach of the duty to maintain the premises in a reasonably safe condition, and were not directly or indirectly caused by the alleged statutory and code violations (*see Giuffrida v Citibank Corp.,* 100 NY2d 72, 75 [2003]; *Doherty v Sparacio,* 35 AD3d 530 [2006]; *Zvinys v Richfield Inv. Co.,* 25 AD3d 358 [2006]; *Driscoll v Tower Assoc.,* 16 AD3d 311 [2005]). The evidence submitted by the defendants to make this prima facie showing included, inter alia, the deposition testimony of the superintendent of the building, who stated that there was a working smoke detector in the subject office at the time in question.

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs relied primarily on the affidavit of their expert, fire safety consultant Michael Cronin. With respect to the illegal conversion of the first floor apartment into a dentist's office, Cronin catalogued the various code provisions that were allegedly violated, and stated that the "purpose behind the issuance of certificates of occupancy is to prevent unanticipated uses and sub-standard construction that makes it more likely that serious fires will occur and that will make firefighting operations more dangerous." However, Cronin did not opine that the conversion at issue made the fire more likely or firefighting operations more dangerous, or that the alleged violations were otherwise a direct, indirect, or proximate cause of Downey's injuries.

With respect to the alleged lack of a working smoke detector, Cronin relied on a fire incident report generated by the Fire Department of New York. However, the expert for the Epstein Partnership, Frank Valenti, a former New York City Fire Marshal, opined that the incident report was not reliable evidence of whether a smoke detector was absent from the subject office prior to the fire, particularly in light of the express testimony to the contrary, because "[o]ftentimes, the fire detector is knocked down during the course of firefighting efforts at a location and therefore, when an individual creating the incident report views the scene after the incident, they [*sic*] have no way of knowing that there was, in fact, a working smoke detector." Indeed, Valenti stated that, in his experience, there

had been various occasions when an incident report indicated the absence of a smoke detector when one was "clearly present." Here, Valenti noted, the incident report indicates that one ladder company " 'overhauled' the fire apartment. This could and in many instances does include knocking down a working smoke detector, which could then either be melted by the flames or destroyed or lost within the debris created during the firefighting efforts." On this record, the incident report was insufficient to raise a triable issue of fact as to whether the defendants failed to equip the subject office with a working smoke detector prior to the fire.

In any event, Cronin's affidavit was insufficient to raise a triable issue of fact as to whether the alleged absence of a smoke detector was a direct, indirect, or proximate cause of the alleged damages. Cronin opined that the absence of a smoke detector resulted in two factors which delayed the response to the fire and, consequently, caused Downey's injuries. First, he argued that, had there been a working smoke detector, "the occupants of the building would have been alerted of the fire earlier and [would have] been able to notify the fire department at a much earlier stage of the fire." Second, he argued that, had the subject office, which had not been occupied for the two days preceding the fire, remained a residence, "the tenant would have become aware of this fire much sooner than the case here." As a consequence, he concluded, the plaintiff's ladder company, which was the first to arrive, and which arrived two minutes prior to the next company to arrive, would have been assigned to the subject first floor office, rather than to the second floor apartment where Downey was injured. We find this testimony to be speculative and, in any event, it propounds a theory of causation too attenuated to raise a triable issue of fact as to whether the absence of a working smoke detector in the subject office was a direct, indirect, or proximate cause of the damages alleged. Thus, the Supreme Court correctly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur. [See 12 Misc 3d 1193(A), 2006 NY Slip Op 51560(U).]