■ THOMAS ANDERSON, Respondent, v GINO COLUMBARI, Appellant. [913 NYS2d 687]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated February 11, 2010, which denied his, in effect, renewed motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's, in effect, renewed motion for summary judgment dismissing the complaint is granted.

The plaintiff, a New York City firefighter, allegedly was injured while responding to a fire at the defendant's premises. According to the fire incident report, the fire originated in the basement, which was occupied at the time by the defendant's wife, and was ignited by a cigarette in bedding material. The plaintiff testified at his deposition that, intending to go down to the basement to shut off the utilities, he arrived at the top of a staircase between the first floor and the basement and that visibility was poor. He could not remember where he placed his free hand when he got to the top of the stairs or as he started to descend the stairway. The plaintiff testified that as his right foot landed on a step, he felt as though the step collapsed. The plaintiff, falling forward, did not do anything to attempt to regain his balance, but stuck his arm out to try to break his fall and came to a stop when his shoulder landed on the ground.

The plaintiff commenced this action seeking to recover damages for personal injuries pursuant to General Municipal Law § 205-a, predicated upon alleged violations of the Administrative Code of the City of New York (hereinafter Administrative Code), and under a theory of common-law negligence. The defendant moved for summary judgment dismissing the complaint. In an order dated September 28, 2009, the Supreme Court, inter alia, denied the defendant's motion for summary judgment with leave to renew upon submission of a so-ordered stipulation. In an order dated February 11, 2010, the Supreme Court denied the defendant's, in effect, renewed motion for summary judgment dismissing the complaint. The defendant appeals from that order. We reverse.

General Municipal Law § 205-a establishes a statutory cause of action for firefighters who suffer injuries in the line of duty "as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the . . . city governments" (General Municipal Law § 205-a [1]; see Cusumano v City of New York, 15 NY3d 319 [2010]). On a motion for summary judgment, the defendant bears the initial burden of demonstrating "either that [he or she] did not negligently violate any relevant government provision or that, if [he or she] did, the violation did not directly or indirectly cause plaintiff's injuries" (Giuffrida v Citibank Corp., 100 NY2d 72, 82 [2003]). Here, with certain exceptions addressed below, the defendant made a prima facie showing that the premises either did not contain any defects which constituted a violation of the sections of the Administrative Code which he was alleged to have violated or that those sections were not applicable to the subject premises.

It is undisputed that the defendant violated Administrative Code § 27-118.1, in that he made an illegal change in occupancy of the premises, and that he caused work to be performed at the premises without a work permit, in violation of Administrative Code §§ 27-147 and 27-126. The defendant, however, relying principally upon the plaintiff's deposition testimony describing the happening of the accident, including his testimony that, at the time of the accident, he was going down to the basement merely to shut off the utilities, demonstrated, prima facie, that the aforesaid violations did not directly or indirectly contribute to the plaintiff's injuries. Accordingly, the plaintiff was required to "set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (*Giuffrida v Citibank Corp.*, 100 NY2d at 79, quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Specifically, the plaintiff offered no proof from which it could be inferred that these violations "made the [occurrence of a] fire more likely or firefighting operations more dangerous, or that the alleged violations were otherwise a direct, indirect or proximate cause of" the plaintiff's injuries (*Downey v Beatrice Epstein Family Partnership, L.P.*, 48 AD3d 616, 618 [2008] [expert testimony as to nexus between violation and plaintiff's injuries was speculative and attenuated]; *cf. Foiles v V.L.J. Constr. Corp.*, 17 AD3d 297, 300 [2005] [architect's report provided record evidence that the lack of satisfactory ventilation due to code violations contributed to the poor visibility encountered by the plaintiff]).

As the defendant conceded, violations of Administrative Code §§ 27-127 and 27-128 may form a predicate for liability under General Municipal Law§ 205-a [1] (*see Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17 [2007]; *Farrington v City of New York*, 240 AD2d 697, 698 [1997]). To the extent that the plaintiff contends that these provisions were violated due to the illegal change in occupancy or the performance of work at the premises without a permit, the defendant is entitled to summary judgment for the reasons just discussed. To the extent the plaintiff argues that Administrative Code §§ 27-127 and 27-128 were violated based upon the condition of the stairs, the defendant made a prima facie showing of entitlement to judgment as a matter of law. The defendant submitted expert evidence that was based upon a physical inspection of the stairs, establishing that none of the steps had collapsed or was otherwise defective but, rather, remained intact. In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, to the extent that the plaintiff is claiming that the absence of a handrail constituted a violation of Administrative Code §§ 27-127 and 27-128 (*see Cusumano v City of New York*, 63 AD3d 5, 8 [2009], *revd* 15 NY3d 319 [2010]), the defendant demonstrated prima facie, through the plaintiff's deposition testimony, that any conclusion that the absence of a handrail contributed to the plaintiff's injuries would be purely speculative (*see Plowden v Stevens Partners, LLC*, 45 AD3d 659, 660-661 [2007]; *Denicola v Costello*, 44 AD3d 990, 990-991 [2007]; *cf. Antonia v Srour*, 69 AD3d 666 [2010]; *Palmer v 165 E. 72nd Apt. Corp.*, 32 AD3d 382 [2006]; *Scala v Scala*, 31 AD3d 423, 424 [2006]; *Asaro v Montalvo*, 26 AD3d 306, 307 [2006]; *Viscusi v Fenner*, 10 AD3d 361, 362 [2004]), and the plaintiff failed to raise a triable issue of fact in that regard.

For the reasons herein discussed, the defendant also met his prima facie burden with respect to the plaintiff's common-law negligence cause of action, which was grounded upon all of the conditions and alleged defects just addressed, and the plaintiff failed to raise a triable issue of fact in response (*see Downey v Beatrice Epstein Family Partnership, L.P.*, 48 AD3d at 617-618). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.