■ BRIAN CLARKE, Respondent, v RANDOLPH DRAYTON, Appellant. [920 NYS2d 686]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated July 9, 2010, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a defendant's liability under General Municipal Law § 205-a, a plaintiff firefighter must "identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). The plaintiff "is not required to show the same degree of proximate cause as is required in a common-law negligence action" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003] [internal quotation marks omitted]). Rather, "a plaintiff need only establish a practical or reasonable connection between the statutory or regulatory violation and the claimed injury" (*id.* [internal quotation marks omitted]; *see Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d at 441).

Here, the defendant failed to establish his prima facie entitle-

ment to judgment as a matter of law. The evidence submitted by the defendant in support of his motion for summary judgment revealed the existence of triable issues of fact as to whether the defendant violated the Administrative Code of the City of New York §§ 27-127 and 27-128, and whether there was a practical or reasonable connection between those alleged violations and the plaintiff's injuries (*see Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17 [2007]; *Doherty v Sparacio*, 35 AD3d 530, 531 [2006]; *Foiles v V.L.J. Constr. Corp.*, 17 AD3d 297 [2005]; *cf. Kenavan v City of New York*, 267 AD2d 353 [1999]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.