■ CHRISTOPHER PAOLICELLI, Respondent, v FIELDBRIDGE ASSOCIATES, LLC, Appellant. [992 NYS2d 60]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated September 5, 2012, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and its application pursuant to CPLR 3211 (c) to convert the motion into one for summary judgment dismissing the complaint.

Ordered that on the Court's own motion, the appeal from so much of the order as denied the defendant's application pursuant to CPLR 3211 (c) to convert its motion from a motion pursuant to CPLR 3211 (a) (7) to a motion for summary judgment dismissing the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for common-law negligence and the cause of action pursuant to General Municipal Law § 205-a to the extent predicated on a violation of Multiple Residence Law § 173, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a lieutenant in the New York City Fire Department, was injured on January 3, 2008, while fighting a fire in a high-rise apartment building in Brooklyn that is part of the Ebbets Field apartment complex, and is owned by the defendant, Fieldbridge Associates, LLC. The fire started in an apartment on the 14th floor of the building, after a child allegedly lit paper material on the kitchen stove. The child's mother had earlier lit two burners on the stove to heat the apartment.

The plaintiff commenced this action to recover damages for his injuries. In addition to a cause of action to recover damages for common-law negligence, he asserted a cause of action to recover damages pursuant to General Municipal Law § 205-a, predicated on violations of Multiple Dwelling Law § 79, Multiple Residence Law § 173, and Administrative Code of the City of New York § 27-2029, all of which require, as relevant here, that, between October 1 and May 31, a landlord provide heat sufficient to maintain a temperature of 68 degrees Fahrenheit between the hours of 6 a.m. and 10 p.m. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground, inter alia, that the statutes and Administrative Code provision cited were not proper predicates for the General Municipal Law § 205-a cause of action.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

General Municipal Law § 205-a affords firefighters and their survivors a statutory cause of action for line-of-duty injuries resulting from negligent noncompliance with the requirements of any governmental statutes, ordinances, rules, orders, and requirements (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 77 [2003]; *Galapo v City of New York*, 95 NY2d 568, 573 [2000]).

"To establish a defendant's liability under General Municipal Law § 205-a, a plaintiff firefighter must 'identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter' " (*Clarke v Drayton*, 83 AD3d 762, 762 [2011], quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). The statute or ordinance identified must be part of a "well-developed body of law and regulation" that imposes "clear legal duties" or mandates the "performance or nonperformance of specific acts" (*Vosilla v City of New York*, 77 AD3d 649, 650 [2010] [internal quotation marks omitted]; *see Galapo v City of New York*, 95 NY2d at 574; *Mulham v City of New York*, 110 AD3d 856, 857 [2013]; *Fahey v A.O. Smith Corp.*, 77 AD3d 612, 617 [2010]).

As the plaintiff correctly concedes, Multiple Residence Law § 173 is inapplicable, since he was injured in New York City, and the statute applies only in cities with populations less than 325,000 (*see* Multiple Residence Law § 3 [1]). Accordingly, the Supreme Court erred in denying that branch of the motion which was to dismiss the cause of action pursuant to General Municipal Law § 205-a to the extent it is predicated on a violation of Multiple Residence Law § 173. However, the plaintiff made the requisite showing that Multiple Dwelling Law § 79 and Administrative Code of City of NY § 27-2029 are part of well-developed bodies of law and regulation that impose clear legal duties, or mandate the performance or nonperformance of specific acts (*cf. Vosilla v City of New York*, 77 AD3d at 650). Both provisions mandate the performance of specific acts. Moreover, failure to comply with the provisions can result in criminal sanctions (*see* Multiple Dwelling Law § 304; Administrative Code of City of NY § 27-2118 [a]). "Where criminal liability may be imposed, we would be hard put to find a more well-developed body of law and regulation that imposes clear duties" (*Mulham v City of New York*, 110 AD3d at 858 [internal quotation marks omitted]). Thus, Multiple Dwelling Law § 79 and Administrative Code § 27-2029 can properly serve as predicates for liability under General Municipal Law § 205-a.

The defendant's contention that Administrative Code § 27-2029 cannot serve as a predicate for liability pursuant to General Municipal Law § 205-a because it is preempted by Multiple Dwelling Law § 79 is raised for the first time on appeal, but that contention may be reached since it involves a pure question of law that appears on the face of the record

which could not have been avoided if brought to the court's attention at the appropriate juncture (*see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]). The contention is, however, without merit. Field preemption occurs when, as relevant here, "the Legislature's enactment of a comprehensive and detailed regulatory scheme in an area in controversy is deemed to demonstrate an intent to preempt local laws" (*Matter of Chwick v Mulvey*, 81 AD3d 161, 169-170 [2010]; *see Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 91 AD3d 126, 135 [2011], *affd* 20 NY3d 481 [2013]). Contrary to the defendant's contention, Multiple Dwelling Law § 79 does not reflect the Legislature's intent to preempt local laws in the same area of regulation.

Furthermore, the plaintiff's allegations, as amplified by the evidentiary material he submitted in opposition to the defendant's motion, were sufficient to make out a claim that the defendant violated the predicate statutes and that the statutory violations directly or indirectly caused his injuries. For purposes of a General Municipal Law § 205-a cause of action, the plaintiff " 'is not required to show the same degree of proximate cause as is required in a common-law negligence action' " (*Clarke v Drayton*, 83 AD3d at 762, quoting *Giuffrida v Citibank Corp.*, 100 NY2d at 81). The plaintiff need only establish a "practical or reasonable connection between the statutory or regulatory violation and the claimed injury" (*id.* at 81 [internal quotation marks omitted]; *see Clarke v Drayton*, 83 AD3d at 762; *Alcalde v Riley*, 73 AD3d 1101, 1103 [2010]). An "indirect cause" is "simply a factor that—though not a primary cause—plays a part in producing the result" (*Giuffrida v Citibank Corp.*, 100 NY2d at 80 [internal quotation marks omitted]). The plaintiff set forth facts sufficient to support a cause of action based on the defendant's alleged failure to provide sufficient heat, and set forth facts sufficient to allege that this failure was a factor that played a part in the tenant's decision to utilize the stove top burners to heat the apartment. Contrary to the defendant's contention, the act of the tenant's child in lighting paper material on a burner while the tenant was occupied elsewhere in the apartment, resulting in the fire which led to the plaintiff's injuries, was not, under the circumstances presented here, an intervening act that defeats, at the pleading stage, the causes of action alleging liability (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to dismiss the cause of action pursuant to General Municipal Law § 205-a to the extent that is was predicated on violations of Multiple Dwelling Law § 79 and Administrative Code § 27-2029.

The Supreme Court erred, however, in denying that branch of the motion which was to dismiss the cause of action to recover damages for common-law negligence, as the plaintiff did not oppose that branch of the motion (*see Matter of Agoglia v Benepe*, 84 AD3d 1072, 1075 [2011]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's application pursuant to CPLR 3211 (c) to convert the motion to one for summary judgment (*see Sokol v Leader*, 74 AD3d at 1183; cf. *Pistolese v William Floyd Union Free Dist.*, 69 AD3d 825, 826 [2010]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.