■ Jeffrey Beeker, Respondent, v Islip U-Slip, LLC, Appellants. [39 NYS3d 76]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated July 10, 2014, which denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

On October 14, 2008, the plaintiff allegedly sustained physical injuries when he fell while descending an exterior staircase at a commercial warehouse owned, at the time, by the defendant Islip U-Slip, LLC (hereinafter Islip U-Slip). At the time of the accident, the plaintiff was employed by nonparty Raymours Furniture Company, Inc. (hereinafter RFC), which stored furniture for delivery at the warehouse, and the defendant Raymour & Flanigan Properties, LLC (hereinafter RFP), had entered into a contract to purchase the warehouse. After the plaintiff commenced this personal injury action, the defendants moved for summary judgment dismissing the amended complaint. They argued that Islip U-Slip owed no duty to the plaintiff because it was an out-of-possession landlord, and RFP was either a joint venture with or an alter ego of the plaintiff's employer, RFC, and therefore the exclusivity provisions of the Workers' Compensation Law applied. The Supreme Court denied the defendants' motion, and we affirm.

The defendants failed to establish, prima facie, that the action insofar as asserted against RFP was barred by the plaintiff's receipt of Workers' Compensation benefits from his

employer. In this regard, the defendants came forward with no evidence to suggest the existence of either a joint venture or an alter ego relationship between RFP and the plaintiff's employer (*see Masley v Herlew Realty Corp.*, 45 AD3d 653, 654 [2007]; *Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474 [2003]; *Esteves v We Transp.*, 286 AD2d 365 [2001]).

An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct (*see Notskas v Longwood Assoc., LLC*, 112 AD3d 599 [2013]; *Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601, 602 [2012]; *Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 866 [2012]; *Repetto v Alblan Realty Corp.*, 97 AD3d 735, 737 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d 757, 758 [2012]). Here, the defendants failed to establish, prima facie, that Islip U-Slip was not contractually obligated to maintain the subject staircase or repair the alleged staircase defect that allegedly caused the plaintiff's accident (*see Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d at 602; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889 [2009]).

Since the defendants failed to meet their burden on their motion for summary judgment, the Supreme Court correctly denied their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Leventhal, J.P., Dickerson, Maltese and Connolly, JJ., concur.