■ JUAN ANZORA, as Administrator of the Estate of MILTON ANZORA, Deceased, Respondent, v 81 SAXON AVENUE CORP., Doing Business as PRESTIGE LAUNDRY, et al., Appellants, et al., Defendants. [45 NYS3d 519]—

In an action to recover damages for personal injuries and wrongful death, the defendant SE 86 Holding Company, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 29, 2015, as denied that branch of the motion of the defendants SE 86 Holding Company, LLC, and 81 Saxon Avenue Corp., doing business as Prestige Laundry, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendant SE 86 Holding Company, LLC, and the defendant 81 Saxon Avenue Corp., doing business as Prestige Laundry, appeals from stated portions of the same order.

Ordered that the appeal by the defendant 81 Saxon Avenue Corp., doing business as Prestige Laundry, is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant SE 86 Holding Company, LLC; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant SE 86 Holding Company, LLC.

The plaintiff commenced this action as the administrator of the estate of the decedent, who was killed when he was crushed by machinery at a commercial laundry facility. The complaint alleged that the premises were owned and operated by, among other entities, the defendant SE 86 Holding Company, LLC (hereinafter the Holding Company), and the defendant 81 Saxon Avenue Corp., doing business as Prestige Laundry (hereinafter Saxon Corp.).

The Holding Company and Saxon Corp. (hereinafter together the moving defendants) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied that branch of the moving defendants' motion which was to dismiss the complaint insofar as asserted against the Holding Company.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as

alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). While a court is "permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader,* 74 AD3d 1180, 1181 [2010]), where the motion is not converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Weill v East Sunset Park Realty, LLC,* 101 AD3d 859, 859 [2012]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *see Rodolico v Rubin & Licatesi, P.C.,* 114 AD3d 923, 924-925 [2014]).

Applying these standards, we find that the complaint states causes of action sounding in negligence and wrongful death to recover damages for the Holding Company's alleged breach of a duty to maintain the subject premises in a reasonably safe condition (*see Lewis v Drake,* 295 AD2d 482 [2002]; *see also Downey v Beatrice Epstein Family Partnership, L.P.,* 48 AD3d 616, 617 [2008]). Contrary to the Holding Company's contention, its submissions failed to demonstrate that the plaintiff does not have a cause of action sounding in wrongful death or negligence (*see Guggenheimer v Ginzburg,* 43 NY2d at 275). Moreover, the documentary evidence submitted by the moving defendants failed to conclusively establish a defense as a matter of law (*see Wolfe v Long Is. Power Auth.,* 34 AD3d 575, 576 [2006]; *see also Gronski v County of Monroe,* 18 NY3d 374, 380-381 [2011]; *Galindo v Town of Clarkstown,* 2 NY3d 633, 636 [2004]; *Beeker v Islip U-Slip, LLC,* 143 AD3d 749 [2016]). Accordingly, the Supreme Court properly denied that branch of the moving defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the Holding Company. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.