MARK H. FRUNZI, Appellant, v WERNER SONN, Respondent. [51 NYS3d 432]—

In an action to recover damages pursuant to General Municipal Law § 205-e, the plaintiff appeals from an order of the Supreme Court, Richmond County (Troia, J.), dated May 1, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a detective with the New York City Police Department, allegedly was injured while responding to an automobile accident caused by the intoxicated defendant. The plaintiff was about one-half block away from the accident when he slipped on an oily substance and injured his right knee. Thereafter, the plaintiff commenced this action against the defendant to recover damages pursuant to General Municipal Law § 205-e.

A police officer injured in the line of duty seeking to recover under General Municipal Law § 205-e must, among other things, "set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). To satisfy the requirement of direct or indirect causation, "a plaintiff need only establish a 'practical or reasonable connection' between the statutory or regulatory violation and the claimed injury" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]). Here, the defendant established, prima facie, that there was no connection between the statutory violation at issue and the plaintiff's injuries (*see Menard v Highbridge House, Inc.*, 82 AD3d 532 [2011]; *Kenavan v City of New York*, 267 AD2d 353 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Driscoll v Tower Assoc.*, 16 AD3d 311 [2005]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.