■ GLORIA CAVALIERE, Respondent, v 1515 BROADWAY FEE OWNER, LLC, et al., Appellants, et al., Defendant. [57 NYS3d 171]—

In an action to recover damages for personal injuries, the defendants 1515 Broadway Fee Owner, LLC, SL Green Realty Corp., and Transel Elevator & Electric, Inc., also known as Transel Elevator, Inc., appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated June 11, 2015, which denied, as untimely, their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them or, alternatively, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries while riding in an elevator in the building where she worked, when the elevator suddenly dropped approximately 31 floors. The plaintiff commenced this action against, among others, 1515 Broadway Fee Owner, LLC, SL Green Realty Corp., and Transel Elevator & Electric, Inc., also known as Transel Elevator Inc. (hereinafter collectively the 1515 Broadway defendants). The 1515 Broadway defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted

against them or, alternatively, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion as untimely, and the 1515 Broadway defendants appeal. We affirm, albeit on grounds different from the ground relied upon by that court.

Contrary to the Supreme Court's determination, the 1515 Broadway defendants' motion was timely. The parties stipulated that February 1, 2015, was the deadline for filing dispositive motions. Since February 1, 2015, fell on a Sunday, the 1515 Broadway defendants had until Monday, February 2, 2015, to serve their motion (*see* General Construction Law § 25-a [1]; *Klausner v Frank*, 95 AD2d 653 [1983]). The plaintiff was served with the 1515 Broadway defendants' motion on February 2, 2015. Thus, the 1515 Broadway defendants' motion was timely, and the merits of the motion should have been considered. Rather than remit the matter to the Supreme Court, Queens County, for a determination of the motion on the merits, in the interest of judicial economy, we deem it appropriate to address the motion on the merits (*see Hartman v Milbel Enters., Inc.*, 130 AD3d 978, 980 [2015]).

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the evidence submitted by the 1515 Broadway defendants, which included elevator maintenance records, failed to utterly refute the plaintiff's allegations, conclusively establishing a defense as a matter of law (*see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]). Therefore, the 1515 Broadway defendants are not entitled to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1).

Furthermore, the 1515 Broadway defendants are not entitled to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, the plaintiff sufficiently alleged a cognizable cause of action sounding in negligence against the 1515 Broadway defendants, thus barring dismissal of the complaint

insofar as asserted against them pursuant to CPLR 3211 (a) (7) (*see Anzora v 81 Saxon Ave. Corp.*, 146 AD3d 848 [2017]).

With respect to that branch of the 1515 Broadway defendants' motion which was, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them, the 1515 Broadway defendants failed to establish their prima facie entitlement to judgment as a matter of law. The evidence submitted in support of their motion failed to demonstrate, prima facie, that the elevator operated properly and was not defective, or that they lacked actual or constructive notice of the allegedly defective condition (*see Miguel v 41-42 Owners Corp.*, 57 AD3d 488, 490 [2008]). Since the 1515 Broadway defendants failed to meet their prima facie burden, they are not entitled to summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

For these reasons, the 1515 Broadway defendants' motion was properly denied. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.