■ JOHN WALSH, Appellant, v MIRIAM MICHELSON, Respondent. [66 NYS3d 5]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered September 27, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion as to plaintiff's claim under General Municipal Law § 205-a, and otherwise affirmed, without costs.

Plaintiff firefighter was injured while attempting to fight a

fire that had originated in defendant's apartment. Issues of fact exist as to whether defendant was negligent in leaving a warming tray/hot plate plugged into a timer, in the "on" position, when she left her apartment to go to a friend's home for dinner. The Fire Marshall concluded that the fire originated in the area of the warming tray/hot plate and timer. Although the motion court correctly concluded that defendant's alleged negligence was not a proximate cause of plaintiff's injuries, General Municipal Law § 205-a imposes liability where there is a practical or reasonable connection between a statutory or code violation and the firefighter's injury or death (*see Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). Plaintiff's expert fire investigator opined that, by leaving the apartment with the electrical heating devices on, defendant delayed the discovery of the fire and allowed it to grow and spread. Accordingly, there is a sufficient connection between defendant's alleged negligence and plaintiff's injury (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 80-81 [2003]; *Driscoll v Tower Assoc.*, 16 AD3d 311, 312 [1st Dept 2005]). The court also improperly found that the New York City Fire Code (Administrative Code of City of NY, tit 29, ch 2) § FC 305.4 was inapplicable to the facts of this case. That section is not limited to "combustible waste," but expressly includes "combustible material." Moreover, while combustible waste that has economic value to a premises is considered combustible material (*see* New York City Fire Code [Administrative Code of City of NY, tit 29, ch 2] § FC 202), combustible material is not so limited, but is any material capable of combustion. The materials in defendant's kitchen were clearly combustible. Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.