Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr. (2018 NY Slip Op 08111)





Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr.


2018 NY Slip Op 08111


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-01645
 (Index No. 510662/17)

[*1]Brooklyn Cancer Care Medical, P.C., appellant,
v
Brooklyn Hospital Center, respondent.


Manmohan K. Bakshi, P.C., Manhasset, NY, for appellant.
Katten Muchin Rosenman LLP, New York, NY (Joseph V. Willey and James C. Manning of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 21, 2017. The order denied the plaintiff's motion to vacate a preliminary conference order of the same court dated October 16, 2017, directed the plaintiff to serve a reply to the counterclaims in the defendant's amended answer within 20 days, and authorized the defendant to move for a confidentiality order if the parties were unable to stipulate to one.
ORDERED that the order dated December 21, 2017, is affirmed, with costs.
Following the plaintiff's commencement of this action, the defendant served and filed an answer on July 31, 2017. Thereafter, on August 21, 2017, the defendant filed an amended answer with counterclaims. On August 22, 2017, the plaintiff served a notice rejecting the amended answer as untimely. On October 16, 2017, the parties stipulated to a preliminary conference order setting forth a timetable for discovery. Subsequently, the plaintiff moved for an order vacating the preliminary conference order and directing the parties to enter into a new preliminary conference order. In an order dated December 21, 2017, the Supreme Court denied the plaintiff's motion, directed the plaintiff to serve a reply to the defendant's counterclaims within 20 days, and authorized the defendant to move for a confidentiality order if the parties were unable to stipulate to one. The plaintiff appeals.
We agree with the Supreme Court's denial of the plaintiff's motion to vacate the preliminary conference order to which the parties stipulated. A stipulation will not be set aside absent a showing of fraud, overreaching, mistake, duress, or similar circumstances (see Hallock v State of New York, 64 NY2d 224, 230; Perry v McMahan, 164 AD3d 1490; Chae Shin Oh v Jeannot, 160 AD3d 701, 703). Here, the plaintiff failed to sustain its burden on its motion to vacate, since its submissions did not establish that its counsel at the preliminary conference lacked the actual or apparent authority to agree to the terms of the stipulation (see Hallock v State of New York, 64 NY2d at 231-232; Chae Shin Oh v Jeannot, 160 AD3d at 702-703), or that the stipulation should be invalidated on the basis of mistake (see ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676; Sanford/Kissena Owners Corp. v Daral Props., LLC, 84 AD3d 1210, 1212), unconscionability (see Karen E. v Yoram E., 144 AD3d 1081, 1082), or any other ground (see Pieter v Polin, 148 AD3d [*2]1191, 1192; Kirkland v Fayne, 78 AD3d 660, 660).
Furthermore, contrary to the plaintiff's contention, the defendant's amended answer with counterclaims was timely filed without leave of court (see CPLR 3025[a]; General Construction Law § 25-a[1]; People v Assi, 14 NY3d 335, 343; Cavaliere v 1515 Broadway Fee Owner, LLC, 150 AD3d 1190, 1191; Leogrande v Glass, 106 AD2d 431, 432).
The plaintiff's remaining contentions are without merit.
We note that we have not considered any of the references in the respondent's brief to matter dehors the record in reaching the foregoing determination.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court