Ravix v Oligario (2019 NY Slip Op 01629)





Ravix v Oligario


2019 NY Slip Op 01629


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-06322
 (Index No. 605372/16)

[*1]Roger Ravix, et al., respondents,
v
Immacula Oligario, appellant.


William D. Friedman, Hempstead, NY, for appellant.
James J. Douglas, P.C., Garden City, NY, for respondents.



DECISION & ORDER
In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered April 27, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs were residential tenants in a cottage house owned by the defendant. They allege that their personal property was destroyed in June 2015 when a defective plumbing system at the premises resulted in a flood. The defendant made a preanswer motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court denied the motion, and the defendant appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). Although a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), the motion should not be granted unless it has been shown through this evidence "that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Nilazra, Inc. v Karakus, Inc., 136 AD3d 994, 995).
To prevail on a motion to dismiss pursuant to CPLR 3211(a)(1), a defendant must demonstrate that the proffered documentary evidence " utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Old Republic Natl. Tit. Ins. Co. v Junction Abstract, Inc., 150 AD3d 757, 758, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Greenberg v Spitzer, 155 AD3d 27, 44).
A plaintiff may recover in negligence for damages to property when the defendant's failure to maintain real property in a reasonably safe condition proximately caused the plaintiff's damages (see Anzora v 81 Saxon Ave. Corp., 146 AD3d 848, 849; Downey v Beatrice Epstein [*2]Family Partnership, L.P., 48 AD3d 616, 617). Here, the complaint, viewed under the standard applicable to motions to dismiss under CPLR 3211(a)(7), sufficiently alleged that the defendant's failure to maintain the premises caused the flood that destroyed the plaintiffs' property (cf. Anzora v 81 Saxon Ave. Corp., 146 AD3d at 849). Moreover, we agree with the Supreme Court that the evidence submitted by the defendant in support of her motion to dismiss did not qualify as documentary evidence within the meaning of CPLR 3211(a)(1) (see Fontanetta v John Doe 1, 73 AD3d 78, 84). Accordingly, we agree with the court's denial of the defendant's motion to dismiss.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court