In the Matter of the Application of HELENE A. SCHACK, Petitioner.

CROWN HEIGHTS HOSPITAL, INC., et al., Respondents.

Supreme Court, Special Term, Kings County, June 1, 1944.

*Ducker & Feldman* for petitioner.

*Jacob Lippman* for Crown Heights Hospital, Inc., respondent.

*McLaughlin & Stern* for Jacob Gold and others, respondents.

HOOLEY, J. This is a proceeding commenced by petitioner Helene A. Schack, pursuant to section 25 of the General Corporation Law, to set aside an election of directors and officers of the respondent corporation, Crown Heights Hospital, Inc., held on January 4, 1944. The individual respondents move, pursuant to section 1293 of the Civil Practice Act, for an order dismissing the petition as insufficient in law upon the face

thereof and for an order, pursuant to section 1294 of the Civil Practice Act, striking out certain allegations of the petition. The respondent Crown Heights Hospital, Inc., makes a motion in all respects similar to the motion of the individual respondents.

The respondent corporation conducts a private hospital in the Borough of Brooklyn. It was incorporated under the provisions of article 2 of the Stock Corporation Law on or about January 13, 1927.

The petitioner owns 187 shares of the common stock of the respondent corporation out of a total of 1,596 shares. At the annual meeting of stockholders of said corporation held on January 4, 1944, the petitioner appeared by proxy and objected, as did Jacob Sarnoff, an owner of 333 shares of the common stock, to the voting for directors in any manner which violated the provisions of section 2 of article II of the by-laws of the corporation.

Section 2 of article II of the by-laws provides as follows: " At the annual meeting of stockholders, the six persons receiving a plurality of votes cast shall be directors and shall constitute the Board of Directors for the ensuing year. No stockholder shall vote for more than one director." Notwithstanding such protest, the stockholders who voted cast their votes for six separate directors instead of voting for not more than one director, and the six thus voted for, namely the respondents Jacob Gold, Nathan D. Wolf, Dave Zuckerman, Ruth Wolf, Anna Gold and I. Edwin Schack, the latter the father of petitioner, were declared to be the directors of the corporation.

By reason of the foregoing, the petitioner seeks to set aside the election in this proceeding.

There is no substantial dispute as to the facts. The respondents do challenge the authenticity of the by-laws of the corporation but upon the motion to dismiss the petition for insufficiency the court must assume that they were adopted. The respondents assert that even if adopted, section 2 of article II is illegal, invalid and unenforcible because it is in conflict with and contravenes the express provisions of sections 47 and 55 of the Stock Corporation Law and is inconsistent and in conflict with the amended certificate of respondent corporation duly filed in the office of the Secretary of State on May 6, 1929, which certificate expressly provides: " The holders of the preferred shares shall be entitled to vote at all stockholders' meetings and each share of preferred stock shall be entitled to one

vote *and shall have the same voting power as the common shares, to wit, one vote, for each share of stock."* (Underscoring ours.)

Section 47 of the Stock Corporation Law provides as follows: "Unless otherwise provided in the certificate of incorporation or other certificate filed pursuant to law, every stockholder of record of a stock corporation shall be entitled at every meeting of the corporation to *one vote for every share of stock* standing in his name on the books of the corporation." (Emphasis supplied.)

In the opinion of the court, that section insures to every stockholder the right to cast one vote for each share of stock owned by him for each director to be elected. The provisions of section 47 aforesaid apply in all instances except where the certificate of incorporation expressly provides for the election of directors by cumulative voting, in which event each stockholder may cast as many votes as he owns shares multiplied by the number of directors to be elected for one or more directors, as he sees fit (Stock Corporation Law, § 49). Neither the certificate of incorporation of the respondent corporation nor any amendment thereof provided for cumulative voting or for any other method.

In *Matter of American Fibre Chair Seat Corp.* (265 N. Y. 416, 420), cited by both sides in their briefs, the court said: "A corporation is a purely artificial body created by law. It can act only in accordance with the law of its creation. The stockholders of a corporation may be the real owners of the corporation, but their right to control the corporation is governed by the law of its creation. Once the stockholders' rights are fixed they cannot be changed except in the manner provided by law. In some matters the statute permits change by amendment to the by-laws. Then a stockholder takes his stock subject to the possibility of change of rights in that manner. In other matters the law may forbid any change or permit change only through amendment of the certificate of incorporation. It is plain that the voting rights of stockholders fixed by the corporate charter are immune from change except by amendment of the certificate of incorporation." In that case the certificate of incorporation contained no provision for cumulative voting. However, the Court of Appeals in declaring the validity of cumulative voting based its opinion not upon the by-laws, which were amended so as to provide for cumulative voting, but upon a resolution which was unanimously adopted by the stockholders providing for the amendment of the certificate by adding a pro-

vision for cumulative voting. This certificate was prepared but never filed. The court held that the failure to file such certificate was a mere technicality. That is a very different case from the case at bar. The statute permitted cumulative voting and such resolutions were adopted for the amendment of the certificate as were necessary to come within the provisions of the statute as regards such voting. In this case there was no attempt to change the certificate of incorporation as respects voting and section 47 was conclusive as to the manner of voting. In *Matter of Timen* (120 Misc. 815), the court said: "But the statute (Gen. Corp. Law, Sec. 23) gives the right to vote to every stockholder of record unless otherwise provided in the certificate of incorporation and this right cannot be taken away by a by-law. The by-law may, therefore, be disregarded."

In *Reiss* v. *Levy* (175 App. Div. 938), the court held that the defendants could not make a valid agreement that the directors should be elected by a vote other than as prescribed by the Stock Corporation Law.

In the opinion of the court, any by-law which deprives a stockholder of exercising his rights in accordance with sections 47 and 55 of the Stock Corporation Law is null and void. The voting rights of a stockholder may not be impaired by any by-law, and any by-law that attempts to accomplish such purpose is illegal and unenforcible.

The petition alleges that the by-law was adopted pursuant to an agreement entered into by all of said stockholders on a certain date. It is not necessary to determine whether the by-law attacked was adopted pursuant to the agreement of January 16, 1934, because even if it were it would nevertheless be invalid. Neither is it necessary for the court, with this view in mind, to pass upon whether or not the mode of election of directors, as specified in said by-law, has been continuously followed since the date of the claimed adoption thereof.

The court having determined that the by-law under consideration is invalid, it follows that the election which was conducted in the manner provided by the Stock Corporation Law was valid and that the petition is insufficient in law and should be dismissed. That being so, it is unnecessary to pass upon the motions made by the respective respondents to strike out certain allegations in the petition.