■ JAMES YU et al., Appellants, v CATHE LINTON et al., Respondents.— Judgment (denominated order) of the Supreme Court, New York County, entered November 17, 1978, denying appellants' motion to hold respondents in contempt for alleged failure to comply with previous order and decision of Supreme Court, New York County, entered August 1, 1978, and granting cross motion by respondents to validate their election as members of the board of directors at a shareholders' meeting held August 21, 1978, reversed, on the law and the facts, without costs or disbursements, to the extent appealed from as limited by appellants' reply brief. The cross motion to validate respondents' election to the board of directors is denied, and a new election for members of the board of directors is directed to be held within 30 days of the service of a copy of the order entered herein with notice of entry. In this proceeding originally brought by appellants to compel respondents to hold an annual meeting, appellants were disqualified by a ruling of the chairperson from voting at the meeting called for the purpose of electing members of the board of directors. Said disqualification was based upon alleged failure of appellants to pay maintenance charges to the corporation. It is not clear from the record that there existed such a default in petitioners' obligation to make payments as would, allegedly, disenfranchise petitioners. A copy of the certificate of incorporation from which it could be determined whether co-operative was established under the Business Corporation Law or the Cooperative Corporations Law is not included in the record. We assume from the omission of the word "cooperative" in the name of respondent 451 Broome Street Corp. that the corporation was organized under the Business Corporation Law, as the Cooperative Corporations Law requires the word "Cooperative" be included in the name of any corporation organized under the latter (see Cooperative Corporations Law, § 11, subd 1). In addition, the statement in appellants' brief that "the corporation involved in this case * * * was organized pursuant to the Corporation Business [sic] Law" does not appear to be challenged. In fact, respondents in their brief and in a letter dated February 14, 1979 concede the applicability of the Business Corporation Law, in that they maintain that subdivision (a) of section 620, thereof is relevant to this matter. Subdivision (a) of section 620 of the Business Corporation Law provides: "An agreement between two or more shareholders, if in writing and signed by the parties thereto, may provide that in exercising any voting rights, the shares held by them shall be voted as therein provided, or as they may agree, or as determined in accordance with a procedure agreed upon by them." Pertinent to determination of voting rights of shareholders is subdivision (a) of section 612 of the Business Corporation Law, which states: "Every shareholder of record shall be entitled at every meeting of shareholders to one vote for every share standing in his name on the record of shareholders, unless otherwise provided in the certificate of incorporation." Respondents do not contend that the certificate of incorporation contains any provision relating to voting rights. Respondents do claim that under subdivision (a) of section 620 of the Business Corporation Law shareholders are permitted to enter into agreements restricting or transferring rights to vote and that the by-laws and subscription agreements in this case operate as such agreement to disenfranchise a defaulting stockholder. The contention is without merit. The by-laws are ineffective to deprive the record shareholders of the right to vote provided by subdivision (a) of section 612 of the Business Corporation Law.

(See Henn, Corporations [2d ed], § 124; 2 White, New York Corporations, § 612.01; 11 NY Jur, Corporations [revd], § 422; *Matter of Schack [Crown Hgts. Hosp.]*, 183 Misc 563, 566.) Nor can the subscription agreements, which, parenthetically, we note are not in the record, deprive said shareholders of such right. Subdivision (a) of section 620 of the Business Corporation Law cannot be construed to provide a means to deny the right to vote specified in subdivision (a) of section 612 of the Business Corporation Law. (See *Matter of American Fibre Chair Seat Corp.*, 265 NY 416, 420.) Concur —Murphy, P. J., Kupferman, Birns, Fein and Lupiano, JJ.