■ FRED ZVINYS et al., Appellants, v RICHFIELD INVESTMENT COMPANY et al., Respondents. (And a Third-Party Action.) [808 NYS2d 640]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 26, 2004, insofar as it granted summary judgment dismissing the complaint against defendants Richfield Investment, Shipcentral Realty, and Williamson, Picket, Gross (collectively, the Richfield defendants), and order, same court and Justice, entered February 6, 2005, which granted defendant DMS Travel's motion to set aside the jury verdict in plaintiff's favor and dismissed the complaint, unanimously affirmed, without costs.

To make out a valid claim under General Municipal Law § 205-a, a plaintiff must "identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]). On a motion for summary judgment to dismiss a section 205-a claim, the defendant bears the initial burden of showing either that it did not negligently violate any relevant government provision, or, if it did, that the violation did not directly or indirectly cause the plaintiff's injuries. Only if the defendant sustains this burden must the plaintiff raise a triable issue of fact as to whether the alleged code violations directly or indirectly caused his injuries (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 82 [2003]).

The Richfield defendants, who were the owners and manager of the premises, sustained their burden of proof by submitting deposition testimony and other admissible evidence establishing that the fire arose out of the activities of the tenant, defendant DMS, in overloading a single power strip in the equipment room, over which the Richfield defendants exercised no control and had no notice; and that plaintiff's injuries were not caused by any Building Code violations or negligent conduct attributable to the Richfield defendants (*see Lustenring v 98-100 Realty*, 1 AD3d 574 [2003], *lv dismissed and denied* 2 NY3d 791 [2004]).

Plaintiff failed to rebut this showing. The affidavit of plaintiff's expert was speculative and conclusory, and thus insufficient to raise an issue of fact (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1 [2005]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [2005]; *Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305 [2000]). The expert never visited the premises or

inspected the circuit breakers that he alleged were deficient or defective. There was no deposition testimony or Fire Department report addressing the circuit breaker's condition or suitability, and the expert did not cite any statutes, codes or industry standards allegedly violated with respect to the circuit breakers. Nor did the expert inspect the smoke alarm system or cite any specific code sections regarding smoke alarms that were violated. The fact that a person noticed the fire before it was detected by the alarms in the central hallway is insufficient, in and of itself, to create an inference that the fire alarms were not operating. Nor is there anything that indicates a delay in that person discovering or reporting the fire, so as to exacerbate the conditions plaintiff faced at the scene.

The Building Code provision on which plaintiff predicates his section 205-a claim (Administrative Code of City of NY § 27-127) is not applicable to lessees (*Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]). Moreover, the evidence at trial demonstrates that the fire was caused by a lack of proper maintenance of the overloaded power strip, which was easily removable and not part of the building's wiring system, and does not fall within the ambit of section 27-127. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.