■ BIANCA RAZZANO, Appellant, v WOODSTOCK OWNERS CORP. et al., Respondents. [975 NYS2d 38]—

Order, Supreme Court, New York County (Paul Wootten, J.), entered October 16, 2012, which, to the extent appealed from as limited by the briefs and at oral argument, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1),

and denied plaintiff's cross motion for summary judgment with respect to her claim that defendant Woodstock Owners Corp.'s (Woodstock) sublet policy violates Business Corporation Law § 501 (c), unanimously reversed, on the law, without costs, the motion denied and the cross motion granted to the extent of declaring that Woodstock's sublet policy violates said statute.

In this dispute between plaintiff shareholder and defendant Woodstock, a cooperative corporation, the sublet policy at issue, which allows those who purchased their shares before October 2002 to sublet, while prohibiting those who purchased their shares after that date from subletting, violates Business Corporation Law § 501 (c) (see e.g. Spiegel v 1065 Park Ave. Corp., 305 AD2d 204, 205 [1st Dept 2003]; Krakauer v Stuyvesant Owners, 301 AD2d 450, 451 [1st Dept 2003]). Because the sublet policy violates the Business Corporation Law, it is not protected by the business judgment rule (see White v Gilbert, 2012 NY Slip Op 32042[U], *10 [Sup Ct, NY County 2012]; see also Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 565 [1985]; Wirth v Chambers-Greenwich Tenants Corp., 87 AD3d 470, 472 [1st Dept 2011]).

On appeal, plaintiff makes no argument with respect to her causes of action that are unrelated to Business Corporation Law § 501 (c), such as fraud and negligent misrepresentation; hence, her appeal from the dismissal of those causes of action is deemed abandoned (see e.g. Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d 28, 34 [1st Dept 2005]). Concur—Mazzarelli, J.P., Saxe, Moskowitz and DeGrasse, JJ.

Motion to file amicus curiae brief granted.