■ ROBERT PARKMAN, Respondent, v 149-151 ESSEX STREET ASSOCIATES, LLC, et al., Appellants. [996 NYS2d 32]—

Orders, Supreme Court, New York County (Joan M. Kenney, J.), entered October 28, 2013, which, to the extent appealed from as limited by the briefs, denied defendants 149-151 Essex Street Associates, LLC and Safeguard Realty Management Company's (the Safeguard defendants) motion for summary judgment dismissing the amended complaint as against them, and denied defendant Milan Vatovec's motion for summary judgment dismissing the amended complaint and the cross claims against him, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

In this action, plaintiff, a firefighter, alleges that he was injured when he fell over "something" while supervising the other firefighters, who were extinguishing a rooftop fire that erupted as a result of defendant Milan Vatovec's actions in discarding charcoal embers in a plastic trash can on the roof. When asked at his deposition what he fell over, plaintiff responded, "I don't know."

Defendant Vatovec is entitled to summary judgment dismissing the amended complaint as against him, since plaintiff failed to raise any opposition to Vatovec's motion, and we decline to review plaintiff's arguments presented for the first time on appeal (see e.g. Callisto Pharm., Inc. v Picker, 74 AD3d 545 [1st Dept 2010]). Similarly, Vatovec is entitled to summary judgment dismissing the Safeguard defendants' cross claims against him, since the Safeguard defendants have not opposed the dismissal of those claims on appeal (see Razzano v Woodstock Owners Corp., 111 AD3d 522, 523 [1st Dept 2013]).

The Safeguard defendants, the owner and manager of the building at issue, were entitled to summary judgment dismissing plaintiff's common-law negligence claim. Plaintiff has not opposed the dismissal of this claim on appeal and, in any event, his failure to identify the condition that caused his fall is fatal to his claim (see e.g. Bittar v New Growing, Inc., 94 AD3d 630 [1st Dept 2012]).

Plaintiff's General Municipal Law § 205-a claim should have

been dismissed, since the Safeguard defendants established that they did not violate a fire safety statute or ordinance (*see Zvinys v Richfield Inv. Co.*, 25 AD3d 358, 359 [1st Dept 2006], *lv denied* 7 NY3d 706 [2006]). Section 307.5.1 of the New York City Fire Code (Administrative Code of City of NY, tit 29), upon which plaintiff relies in support of his section 205-a claim, prohibits the installation or operation of a charcoal grill within 10 feet of any combustible waste or material, and there is no evidence that defendants violated this provision (*see Zvinys*, 25 AD3d at 359-360). Even if there were evidence of a violation, plaintiff failed to set forth relevant facts from which it may be inferred that the alleged violation directly or indirectly caused his injuries (*see id.*). Indeed, plaintiff alleges that he was injured when he fell over "something." Accordingly, it cannot be said that the alleged installation or operation of the charcoal grill near combustible material directly caused his injury. Nor can it be inferred that the alleged installation or operation of the grill indirectly caused his injury. Indeed, the evidence shows that the fire arose out of the activities of Vatovec, a tenant, more than 12 hours after his operation of the grill (*id.*). Under the circumstances, the connection between plaintiff's claimed injury and the Safeguard defendants' alleged Code violation is too attenuated (*see id.*; *see also Downey v Beatrice Epstein Family Partnership, L.P.*, 48 AD3d 616, 619 [2d Dept 2008], *lv denied* 11 NY3d 702 [2008]). Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.