■ JOE SHENG KWONG et al., Respondents, v SOUTHEAST GRAND STREET GUILD HOUSING DEVELOPMENT FUND COMPANY INC. et al., Appellants. RAQUEL MARGARY, Respondent, v SOUTHEAST GRAND STREET GUILD HOUSING DEVELOPMENT FUND COMPANY INC. et al., Appellants. (And a Third-Party Action.) [11 NYS3d 584]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 7, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' negligence causes of action, modified, on the law, to grant the motion as to plaintiff Dolores Guzman's claim, and otherwise affirmed, without costs.

There is no evidence in the record that defendants caused the fire in their building, which was confined to a single tenant's apartment, or that the condition of the building's stairwells exacerbated the smoke conditions. Defendants submitted an affidavit by their porter, who averred that defendants' employees did not open the fire stair doors and that he did not observe any of the doors open on the day of the fire. While two plaintiffs testified that the doors on their floors were open, allowing smoke to enter the hallways, there is no evidence that it was defendants' employees who opened the doors, and one of the firefighters testified that the firefighters held certain doors open with wooden blocks to fight the fire. Plaintiffs' experts' opinions as to defects in the stairwell and the doors to the stairwell were conclusory and speculative (*see*

*Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]; *Zvinys v Richfield Inv. Co.*, 25 AD3d 358, 359-360 [1st Dept 2006], *lv denied* 7 NY3d 706 [2006]).

However, questions of fact exist whether defendants complied with Administrative Code of City of NY former §§ 408.9.1 and 408.9.1.2, which required them to create and disseminate a fire safety guide and an evacuation procedure plan to be employed in the event of a fire (*see Elliott v City of New York*, 95 NY2d 730 [2001]). Defendants submitted evidence that an evacuation procedure plan was mailed to their tenants. However, plaintiffs deny that they received any such plan. Plaintiffs also deny that there was a notice of evacuation procedures on the insides of their apartment doors, as required, and they assert that in the absence of these notices, with one exception, they attempted to leave the fireproofed building, and suffered smoke inhalation.

The exception was plaintiff Dolores Guzman, who, as advised by the 911 operator, remained in her apartment during the fire, placed a wet towel against the threshold of her door, and waited for rescue. This being the proper procedure to follow in the event of a fire, Guzman was not harmed by the absence of a posted notice of the procedure.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick and Manzanet-Daniels, JJ.

Kapnick, J., dissents in part in a memorandum as follows: I dissent only to the extent that I would not dismiss plaintiff Dolores Guzman's claim. Notwithstanding the fact that Guzman was advised by her son, who was also a tenant in the building, and a 911 operator, to remain in her apartment, place a wet towel under the doorway and open her windows (which she was unable to do) while she waited for help to arrive, I agree with the motion court that issues of fact remain as to the sufficiency of the fire safety plan, allegedly created and disseminated by defendants, including whether there were sufficient precautionary instructions given to the tenants as to what to do in the event of a fire that creates a dangerous smoke condition, such as the one that overcame Guzman in her apartment on the day of the fire.

I otherwise concur with the majority's opinion.