Colon v 385 Fifth Ave., LLC (2020 NY Slip Op 06448)





Colon v 385 Fifth Ave., LLC


2020 NY Slip Op 06448


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 300640/14, 84062/14, 83891/16 Appeal No. 12342 Case No. 2020-02606 

[*1]Joanne Colon, Plaintiff-Respondent,
v
385 Fifth Avenue, LLC, et al., Defendants-Appellants, Peter Dillon's on 36th Street, et al. Defendants.
385 Fifth Avenue, LLC, et al., Third Party Plaintiff-Appellant,
v
The City of New York, Third Party Defendant-Respondent.
385 Fifth Avenue, LLC, et al., Second Third Party Plaintiffs- Appellants,
v
Consolidated Edison Company of New York, Inc., Second Third Party Defendant-Respondent.


Cartafalsa, Turpin & Lenoff, New York (David Roemer of counsel), for appellants.
Burns & Harris, New York (Judith F. Stempler of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about February 4, 2020, which, insofar as appealed from, denied the motion of defendants 385 Fifth Avenue, LLC and Hilson Management Corp. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to prima facie establish entitlement to judgment as a matter of law. The expert opinion of their professional engineer that the broken concrete on the sidewalk that caused plaintiff's fall was inside the 12-inch zone that second third-party defendant Consolidated Edison Company of New York, Inc. (Con Ed) was required to repair under 34 RCNY 2—07, is speculative and unsupported by evidentiary foundation (see Costanzo v County of Chautauqua, 108 AD3d 1133, 1133-1134 [4th Dept 2013]). Although plaintiff testified at her depositions that there was no metal, water or debris in the square when she fell, defendants' expert asserted that the gas valve cover that was purportedly owned by Con Ed was square, metal and about four inches, and contained within another square that was approximately six inches per side. However, he does not explain why his description of the square that was near the subject broken concrete is different from plaintiff's and does not claim that he was the person who inspected the accident location (see Zvinys v Richfield Inv. Co., 25 AD3d 358, 359-360 [1st Dept 2006], lv denied 7 NY3d 706 [2006]).
Because defendants did not meet their prima facie burden, the burden never shifted to plaintiff to raise an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020