Oliver 889 LLC v 889 Realty Inc. (2023 NY Slip Op 00271)

Oliver 889 LLC v 889 Realty Inc.

2023 NY Slip Op 00271

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 652814/20 Appeal No. 17162 Case No. 2022-03559 

[*1]Oliver 889 LLC, Plaintiff-Respondent,
v
889 Realty Inc., Defendant-Appellant, Fish Eddy, LLC et al., Counterclaim Defendants.

Warshaw Burstein, LLP, New York (Maxwell Breed of counsel), for appellant.
Holland & Knight LLP, New York (Robert S. Bernstein of counsel), for respondent.

Order (denominated an order and judgment), Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 9, 2022, which, to the extent appealed from, granted plaintiff shareholder's motion for summary judgment on its cause of action for a declaration that the parties' voting agreement violated Business Corporation Law § 501(c) and was therefore null and void, and denied defendant's motion for summary judgment dismissing that cause of action and for summary judgment on its counterclaim for a declaration that the voting agreement was authorized and fully enforceable, unanimously modified, on the law, to provide that only paragraph 1(b) of the voting agreement is null and void, and otherwise affirmed, without costs.
Supreme Court properly determined that Business Corporation Law § 501(c) applied to defendant, a cooperative corporation that owns and operates a mixed-use building, and that the parties' voting agreement violated the parity requirement set forth in that statute (see Cooperative Corporations Law § 5). Because the voting agreement violated the Business Corporation Law, it cannot be saved by the business judgment rule (see Razzano v Woodstock Owners Corp., 111 AD3d 522, 523 [1st Dept 2013]).
Although defendant's arguments regarding Business Corporation Law §§ 609 and 620 and the severability provision of the voting agreement are raised for the first time on appeal, we nevertheless will consider those arguments, as they raise purely legal issues that can be determined on this record (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Contrary to defendant's contentions, the voting agreement cannot be enforced in its entirety under Business Corporation Law §§ 609 or 620. Under the Cooperative Corporations Law, Business Corporation Law § 609, which authorizes shareholder proxies, does not apply to cooperative corporations (Cooperative Corporations Law § 5[1][b]). Moreover, assuming without deciding that Business Corporation Law § 620(a) does authorize cooperative corporation shareholder voting agreements, the parties' voting agreement is still not permissible under that section of the statute. The agreement runs afoul of the Business Corporation Law because it indefinitely links together the votes allocated to 2,630 of plaintiff's shares and the votes cast by all other shareholders. In linking the two, the voting agreement effectively (and impermissibly) creates a permanent class of 2,630 nonvoting shares (see Matter of Madison v Striggles, 228 AD2d 170, 170 [1st Dept 1996]; see Yu v Linton, 68 AD2d 856, 856-857 [1st Dept 1979]).
However, because the voting agreement contained an unambiguous severability provision, Supreme Court should not have determined the entire voting agreement to be void, but rather, should have voided only paragraph 1(b) — the provision that effectively strips voting rights from a portion of plaintiff's shares.
Supreme Court correctly declined [*2]to address defendant's reformation counterclaim in the order for review (see CPLR 2214[a]) and we also will not consider that issue because there is currently a motion pending before Supreme Court by defendant for summary judgment on this very counterclaim.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023