## Mendez v 512-514 Realty LLC

2026 NY Slip Op 30766(U)

March 4, 2026

Supreme Court, New York County

Docket Number: Index No. 157438/2017

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**     PART     **11M**

*Justice*

-------------------------------------------------------------------------------X

ANTONIO MENDEZ, BACILIA DE LOS SANTOS

Plaintiff,

- v -

512-514 REALTY LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157438/2017 |
| MOTION DATE | 04/23/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86

were read on this motion to/for          DISMISS          .

Upon the foregoing documents, the motion is denied.

**Background**

This motion arises out of a tragic death that occurred in 2014. Defendant is the owner of an apartment building in Hamilton Heights and in August of 2014, a fire broke out on the premises. According to a subsequent inspection by FDNY fire marshals, the cause of the fire was the failure of a power strip in Apartment 4. Plaintiff Mendez was living in another unit in the building with his teenage daughter Melisa. He testified that on the day of the fire, he observed smoke outside his window and that he directed his daughter to investigate the cause of the smoke. Upon realizing that fire had broken out, Plaintiff left the unit and went to the fifth floor, claiming that it was his understanding that his daughter was following him. Melisa did not appear, and Plaintiff used a fire escape to leave the building. Sadly, his daughter passed away on a stairwell landing in the building as a result of the fire. Plaintiff De Los Santos is the administratix of Melisa's estate. During the course of the fire, the door to Apartment 4 was

[* 1]

opened and it failed to close. The building superintendent, Mr. Rojas, also tied open the front door of the building and opened all of the basement doors. Plaintiffs contend that this created a flue-effect causing smoke and flames to go up the stairwells into other floors.

Plaintiffs filed this underlying proceeding in August of 2017. The amended complaint asserts claims against Defendant sounding in negligence and wrongful death. In April of 2018, a bill of particulars was filed alleging that Defendant was negligent in four different ways: 1) faulty electrical wiring, 2) failure to provide working smoke detectors; 3) the building lacked functioning self-closing doors, and 4) a failure to provide means of egress from the building. Defendant now moves for summary judgment in their favor dismissing all claims asserted against them.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Defendant moves to dismiss the claims asserted against them, arguing that Plaintiffs have failed to establish proximate cause for their claims sounding in negligence. They rely largely on

[* 2]

the report by the FDNY fire marshals and the expert affidavit of Eugene West. Mr. West is an expert on fire causation who examined the fire scene and various documentation from this matter. Defendant also argues that Plaintiff Mendez is not able to pursue his claim for negligent infliction of emotional distress because his conduct in leaving the apartment negates several required elements for that tort. Plaintiffs oppose the motion, arguing that there are several areas of disputed fact going to the issue of causation for their negligence claims. They also argue that Defendant has not submitted sufficient evidence in admissible form to support their motion. For the reasons that follow, Defendant has failed to establish a prima facie entitlement to summary judgment.

At the outset, Defendant argues that the absence of any citations for violations following the fire is "proof positive" that they were not negligent. This argument fails, however, as they fail to cite any case law for the proposition that a citation is a necessary requirement for sustaining a finding of negligence. There are four main arguments that Plaintiff advances as to why Defendant was negligent in this matter: 1) the self-closing door hinges on Apartment 4 failed, allowing the fire to spread, 2) that the smoke detectors did not work, thus failing to warn Melisa of the fire in time, and 3) Mr. Rojas' tying open the front and basement doors of the building, caused by his lack of training, created the flue-effect that led to Melisa's death. Defendant argues that they have submitted evidence that conclusively disproves causation in this matter.

*There Are Issues of Fact Regarding the Smoke Detectors That Preclude Summary Judgment Here*

Turning first to the matter of the smoke detectors, there are clear issues of fact going to whether they were functioning at the time of the fire. Defendant points to testimony of witnesses

laying out the building policy on changing batteries for the smoke detectors. Plaintiffs point to the multiple witness testimonies that do not claim to have heard the smoke alarms prior to the fire, the deposition of Fire Marshal Santandrea stating that they could not recall if the detectors were working, and witness testimony affirmatively stating the smoke detectors were not working at the time. There are clear issues of fact here going to whether the smoke detectors were functioning that defeat summary judgment on this ground.

Defendant also argues that even if the smoke detectors were not working, there could be no negligence on their part because Melisa had warning in enough time to safely leave the building. They cite to *Poree*, which is distinguishable. There, the First Department noted that under the facts of the case, the tenant had borne the responsibility of maintaining the smoke detectors and that the Plaintiff has specifically "acknowledged that he had time to exit the apartment without injury, but elected to try and extinguish the flames." *Poree v. New York City Hous. Auth.*, 139 A.D.3d 528, 529 [1st Dept. 2016]. Defendant has not established that the facts of this case support a conclusive finding that Melisa had warning in enough time to safely leave the building. That others managed to leave the building in time does not mean that Melisa had sufficient time to safely leave the building.

*There Are Issues of Fact Going to the Apartment 4 Door's Failure*

The next issue is the matter of the door to Apartment 4 being left open, thus allowing the fire to spread throughout the building. Defendant points to testimony that the self-closing doors were subject to periodic inspection and argues that this defeats the causation element of negligence. While this would be evidence that would go to the matter of whether Plaintiffs have established that the door to Apartment 4 failed, the absence of a conclusive finding that the hinges were broken does not establish Defendant's own prima facie case. Defendant also argues

that the testimony of Mr. West conclusively rules out any negligence on their part. Mr. West's affidavit states that his "analysis determined that there is sufficient evidence to conclude that the apartment # 4 door failed to self-close" and that while it is not uncommon for a self-closing hinge to fail due to age or other use-related reasons, based on the burn marks it is possible that a bunched up door mat or other debris caused the door to remain open. Plaintiffs in opposition point to the lack of any debris in the relevant video of the door during the fire and other violations for self-closing hinge failures in the building. The record in this case reveals material issues of fact going to the reason for the failure of Apartment #4's door to remain closed, thus defeating a summary judgment motion based on this ground.

*There Are Issues of Fact Going to the Superintendent's Actions and the Duty of Care*

One of Plaintiffs' theories of liability is that Defendant was negligent in not training the superintendent in fire safety, as the tying open of the doors caused the fire to spread further and faster. Defendant argues that because Plaintiffs have not provided an expert opinion stating that it would have been within the duty of care not to tie the doors open, there can be no finding of negligence. They cite to *Kwong*, but the facts there are distinguishable. In *Kwong*, the First Department held that because there was no evidence that the condition of the building stairwells exacerbated a fire, and because there was no evidence that the defendant's employees had been the ones who opened the doors in question, there was no liability on that ground. *Kwong v. Southeast Grand St. Guild Hous. Dev. Fund Co. Inc.*, 129 A.D.3d 514, 514 [1st Dept. 2015]. As here there is evidence that the doors being open exacerbated the fire and it is uncontroverted that Defendant's employee was the one who tied open the doors, *Kwong* does not avail. Defendant has failed to meet their burden on this ground, because they have failed to establish that there was no duty of care regarding the training of the superintendent.

*The Negligent Infliction of Emotional Distress Claim*

Defendant argues that Plaintiff Mendez is not able to sustain his claim for negligent infliction of emotional distress because he allegedly abandoned his daughter in the burning building. They also argue that because he did not witness his daughter's death, the claim fails. In order to sustain a claim for negligent infliction of emotional distress, a plaintiff must allege that they were either in the zone of danger or that they witnessed the injury-causing accident. *T.I.D. v. Ortiz*, 215 A.D.3d 563, 564 [1st Dept. 2023]. While Defendant is correct in saying that it does not appear disputed that Plaintiff Mendez witnessed the death of his daughter, they have not established that the zone of danger claim does not apply here. To the extent that Defendant argues that Plaintiff Mendez cannot sustain the claim because he did not suffer shock or fright due to what Defendant characterizes as "his cowardice", such an argument requires the Court to make a credibility determination. It is for the factfinder, and not the Court, to decide whether to believe Plaintiff Mendez's statements about thinking that his daughter was following him and how to characterize his actions following the report of smoke. Therefore, Defendant has not established their prima facie entitlement to summary judgment dismissing the third cause of action on this ground. To the extent that Defendant argues that Plaintiff Mendez cannot have been in the zone of danger because there was no negligence on the part of Defendant, that argument fails for the reasons set forth above. Ultimately, while Defendant has pointed to the reasons why it would not be proper to grant Plaintiffs summary judgment at this stage, they have failed to establish their own prima facie entitlement to summary judgment. Accordingly, it is hereby

ADJUDGED that the motion is denied.

[* 6]

6 of 7

20260304091659LFRANKE7C21936E7E4755AFAB0F96060E28AB

**3/4/2026**
_____
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

**CHECK ONE:**    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

[ ] GRANTED    [X] DENIED    [ ] GRANTED IN PART    [ ] OTHER

**APPLICATION:**    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

[* 7]